Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| Rosa I. Rodríguez Ayuso<br><br>Recurrente<br><br>v.<br><br>Departamento De Seguridad Pública (Negociado De La Policía De Puerto Rico)<br><br>Recurridos | TA2026RA00191 | *Revisión Judicial de Decisión Administrativa* procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm. SA-23-001326<br><br>Sobre: Clasificación de puestos PCRU |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# **SENTENCIA**

En San Juan, Puerto Rico, a 5 de junio de 2026.

## I.

El 16 de abril de 2026, la señora Rosa I. Rodríguez Ayuso (señora Rodríguez Ayuso o recurrente) presentó digitalmente una *Solicitud de Revisión Judicial*,[1] en la que nos solicitó que revocáramos la *Resolución* emitida por la Comisión Apelativa del Servicio Público (CASP) del 25 de febrero de 2026, archivada y notificada por correo electrónico el 26 de febrero de 2026.[2] Mediante esta, la CASP desestimó el recurso apelativo ante sí, por falta de jurisdicción.

El 17 de abril de 2026, emitimos una *Resolución* donde concedimos al Departamento de Seguridad Pública (DSP) hasta el 18 de mayo de 2026.[3]

---

[1] Véase entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] Véase apéndice H de la entrada núm. 1 de SUMAC-TA.
[3] *Véase* entrada núm. 3 de SUMAC-TA.

El 18 de mayo de 2026, la parte recurrida, representada por la Oficina del Procurador General, presentó un *Escrito en Cumplimiento de Orden*, mediante el cual solicitó que confirmáramos el dictamen recurrido.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y pormenorizamos los hechos procesales más relevantes para su atención.[4]

**II.**

Según se desprende del recurso ante nuestra consideración, el 22 de febrero de 2023, la Oficina de Administración y Transformación de los Recursos Humanos (OATRH) le notificó a la recurrente un *Informe de Cambio Especial.*[5] Mediante dicho informe, OATRH le advirtió que el puesto que ostentaba había sido reclasificado, ante lo cual tendría treinta días para presentar una revisión administrativa ante la Autoridad Nominadora de la Agencia a la cual pertenecía (en este caso, el DSP). Además, el aludido dictamen advertía que:

> ...
>
> [D]e la decisión en torno a la revisión administrativa radicada no resultar satisfactoria, usted podrá recurrir mediante apelación ante la Comisión Apelativa del Servicio Público (CASP) dentro el término de treinta (30) días calendario, contados a partir del recibo de la notificación de la determinación final suscrita por la Autoridad Nominadora, o Solicitud de Arbitraje de Quejas y Agravios, según aplique. Igualmente, si dentro del aludido término de sesenta (60) días calendario de usted haber presentado por escrito su solicitud de revisión administrativa, no se ha tomado una determinación sobre su caso, **usted podrá recurrir ante la CASP para presentar una apelación dentro del término de treinta (30) días calendario, contados a partir del vencimiento de los sesenta (60) días**, o Solicitud de Arbitraje de Quejas y Agravios, según aplique. (Énfasis suplido).

Inconforme con la determinación de la agencia, y en cumplimiento con lo apercibido, la recurrente presentó el 15 de

---

[4] Íd, entrada núm. 5.

[5] *Véase* apéndice A de la entrada núm. 1 de SUMAC-TA.

marzo de 2023, una *Solicitud de Revisión Administrativa* ante el DSP.[6] El DSP resolvió en contra de la recurrente el 4 de mayo de 2026, mas no notificó su decisión hasta el 26 de junio de 2023.[7] En su decisión, además de sostener la reclasificación del puesto de la recurrente, el DSP apercibió a la recurrente de su derecho de acudir a la CASP dentro de treinta días de haber sido notificada. En particular, la notificación del DSP indicaba que, de no estar conforme con la determinación, "se le apercibe de su derecho de apelar ante la Comisión Apelativa del Servicio Público (CASP) … dentro del término de treinta días calendario, contados a partir del recibo de esta notificación".[8] Cabe destacar que, pese a que la determinación fue tomada dentro del periodo prescrito de sesenta días, la misma fue notificada varios meses posterior a que la recurrente presentara su recurso.

Tras ser notificada de la decisión del DSP, la recurrente presentó ante la CASP una *Solicitud de Apelación (por derecho propio)* el 23 de julio de 2023. Luego de varios trámites procesales, el 26 de febrero de 2026, la CASP notificó su *Resolución*, donde resolvió desestimar el recurso por falta de jurisdicción.[9] Específicamente, la CASP razonó que, una vez transcurrieron sesenta días luego de que la recurrente presentó su recurso de revisión administrativa, comenzó a contar un término jurisdiccional de treinta días. Dicho término expiró el 14 de junio de 2023. Por ende, la recurrente tenía hasta la mencionada fecha para radicar su recurso apelativo. Al presentar el mismo el 23 de julio de 2023, la recurrente acudió a la CASP fuera de término.

En cuanto a la acción del DSP de notificar su determinación fuera del término, resolvió la CASP que: "[e]l hecho de que la parte

---

[6] Íd. apéndice B.
[7] Íd. apéndice C.
[8] Íd., en la pág. 2.
[9] *Véase* apéndice H de la entrada núm. 1 de SUMAC-TA.

promovida [el DSP] no haya cumplido con los términos en la reglamentación y normativa vigente e hiciera entrega de una notificación tardía, no extiende el término con el cual la parte promovente [la señora Rodríguez Ayuso] debió cumplir".[10] Por ende, la recurrente incumplió con el término para acudir a la CASP, lo cual privó a la entidad de jurisdicción.

Inconforme con esta determinación, la recurrente presentó ante la CASP una *Moción en Solicitud de Reconsideración* firmada el 5 de marzo de 2026.[11] El 17 de marzo de 2026, la CASP declaró dicha solicitud No Ha Lugar.[12] Insatisfecha, la recurrente presentó el recurso de epígrafe, donde le imputó a la CASP la comisión del siguiente error:

> Erró la Honorable Comisión Apelativa del Servicio Público al haber desestimado la Apelación instada que estaba ante su consideración por alegadamente haber incumplido con el requisito reglamentario jurisdiccional de treinta (30) días para presentar la misma, según dispone el artículo 13 del Plan de Reorganización número 2-2010 3 LPRA Ap. XIII, A.13 y el Artículo, Sección 1.2 (a) del vigente Reglamento Procesal Núm. 7313 sin haber considerado que la recurrente presentó una apelación ante dicho foro dentro de dicho término, el cual comienza a transcurrir desde que el empleado recibe la determinación final de la agencia.

En síntesis, la recurrente argumentó que la CASP desestimó el recurso erróneamente, toda vez que se habría presentado dentro de los treinta días de haber recibido la notificación de la agencia administrativa. Por otro lado, la recurrente esgrimió que el término de sesenta días impuesto por la CASP en su reglamento era contrario a los establecido por el legislador en el Plan de Reorganización Núm. 2, *infra*. Por su parte, el DSP compareció el 18 de mayo de 2026, donde nos solicitó que confirmáramos la determinación de la CASP, al ser correcta en derecho.

---

[10] Íd., pág. 7.
[11] *Véase* apéndice I.
[12] Íd. apéndice K.

### III.

### A

La CASP, constituye el organismo administrativo mediante el cual se canalizan aquellas reclamaciones de índole obrero patronal y del principio de mérito relativas a los empleados públicos cobijados por la Ley de Relaciones del Trabajo del Servicio Público de Puerto Rico, Ley Núm. 45-1998, 3 LPRA 1451 *et seq.*, y por la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8-2017, 3 LPRA sec. 1469 *et seq.* La referida entidad se creó mediante la aprobación del Plan de Reorganización de la Comisión Apelativa del Servicio Público, Plan de Reorganización Núm. 2 de 26 de julio de 2010, 3 (A) LPRA Ap. XIII, la cual fusionó en ella organismos con facultades análogas, en aras de optimizar la gestión adjudicativa de los asuntos que le fueron delegados.

En cuanto a los términos del procedimiento apelativo ante la CASP, el Artículo 13 del Plan de Reorganización Núm. 2-2010, *supra*, establece que:

> El procedimiento para iniciar una querella o apelación por una parte adversamente afectada en aquellos casos contemplados bajo el Artículo 11 de este Plan será el siguiente:
> **La parte afectada deberá presentar escrito de apelación a la Comisión dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o desde que advino en conocimiento de la acción o decisión por otros medios**.
> […] Artículo 13 del Plan de Reorganización Núm. 2-2010, *supra* (énfasis suplido).

Cónsono a lo anterior, la CASP adoptó el Reglamento Procesal Núm. 7313 de 6 de marzo de 2007.[13] Este cuerpo reglamentario tiene el propósito de establecer y actualizar los mecanismos y

---

[13] El Reglamento Núm. 7313 fue derogado por el Reglamento Núm. 9697 del 19 de septiembre de 2025. Hacemos referencia al Reglamento Núm. 7313 por ser el reglamento vigente al momento de suscitarse la controversia del caso.

normas procesales que regirán el descargo de la función adjudicativa de la Comisión Apelativa. En lo que respecta al presente caso, el Artículo I, Sección 1.2(a) y (b) del Reglamento Procesal Núm. 7313, *supra*, establece, primeramente, que,

> La solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.

Por otro lado, el precitado Reglamento establece que:

> De no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, **la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días**, para presentar una solicitud de apelación ante la Comisión. (Énfasis suplido).

Es decir, de la Autoridad Nominadora no tomar una decisión dentro de sesenta días de haber sido radicado de un recurso, comenzará a correr el término de treinta días para acudir a la CASP.

**B**

Un término es un plazo de tiempo que una ley concede para ejercer un derecho o realizar un acto procesal. Los términos contenidos en nuestro ordenamiento procesal son para que las partes actúen dentro de ellos y los efectos de sus inobservancias varían. Así, en lo pertinente, nuestras reglas procesales reconocen que existen distintos tipos de plazos, a saber: los directivos o de cumplimiento estricto y los jurisdiccionales. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis de Puerto Rico, 2017, pág. 230; ***Rosario Domínguez et als. v. ELA et al.,*** 198 DPR 197, 208 (2017); ***B.B.V. v. E.L.A.,*** 180 DPR 681, 688 (2011).

Los términos jurisdiccionales son los que no están sujetos a ser interrumpidos o a que se cumplan de forma tardía. *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012). Contrario a los términos de cumplimiento estricto, los términos jurisdiccionales son fatales, improrrogables e insubsanables, rasgos que explican por qué no pueden acortarse, como tampoco son susceptible de extenderse. *Rosario Domínguez et als. v. ELA et al.*, supra, en la pág. 208; *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). "Sólo los requisitos de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada". *Martínez, Inc. v. Abijoe Realty Corp.*, supra, pág. 7. Los términos jurisdiccionales o fatales se denominan como tal "porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración provoque". R. Hernández Colón, *op. cit.,* en la pág. 234. Por ello, nuestro Tribunal Supremo ha llamado la atención hacia "las graves consecuencias que acarrea el determinar que un término es de naturaleza jurisdiccional*". Bernier González v. Rodríguez Becerra*, 200 DPR 637, 657 (2018); *Cruz Parrilla v. Depto. Vivienda*, supra, págs. 403-404; *J. Directores v. Ramos*, 157 DPR 818, 823-824 (2012).

Esta es la razón por la cual, tal calificativo "debe surgir claramente la intención legislativa del legislador de imponerle esa característica al término". *Bernier González v. Rodríguez Becerra,* supra, pág. 657*; Cruz Parrilla v. Depto. Vivienda*, supra, pág. 404; *J. Directores v. Ramos*, supra, págs. 823-824. Nuestro Tribunal Supremo reafirmó su doctrina sobre los términos jurisdiccionales, en particular, en los procedimientos administrativos, en *Benítez Nieves v. ELA et al.*, 202 DPR 818, 828 (2019). Allí, nuestro más Alto Foro enfatizó que "cuando el legislador ha querido que un término para resolver un asunto sea fatal, lo establece expresamente en la ley". Íd. (Subrayado nuestro).

Por otro lado, "las agencias administrativas están obligadas a observar estrictamente las reglas que ellas mismas promulgan". Íd. "Una vez se ha adoptado una norma, la agencia administrativa debe cumplirla y aplicarla en la manera en que está concebida, sirviendo siempre a los propósitos, los objetivos y la política pública que forjaron". Íd.

## C

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473 (2024); *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. 3 LPRA sec. 9675.

Al momento de revisar una decisión administrativa, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas

por evidencia sustancial que surja de la totalidad del expediente administrativo. ***Vázquez v. Consejo de* Titulares**, 2025 TSPR 56, 215 DPR \_\_\_ (2025); ***Otero v. Toyota***, 163 DPR 716, 727-728 (2005); ***Pacheco v. Estancias***, 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. ***Rolón Martínez v. Supte. Policía***, supra, pág. 36; ***Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.***, 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad que les asiste. ***Graciani Rodríguez v. Garage Isla Verde***, 202 DPR 117, 128 (2019).

Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. ***Jusino Rodríguez v. Junta de Retiro,*** supra; ***Otero Rivera v. USAA Fed. Savs. Bank***, supra; ***Voilí Voilá Corp. et al. v. Mun. Guaynabo***, supra; ***Costa Azul v. Comisión***, 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha resuelto que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". ***Vázquez v. Consejo de Titulares***, supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto,

dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

Recientemente, este Tribunal tuvo la oportunidad de resolver una controversia idéntica. Véase **Sánchez Ojeda v. Departamento del Trabajo y Recursos Humanos.** KLRA202500324. Allí, un panel hermano resolvió que la CASP actuó correctamente al desestimar el recurso ante sí por carecer de jurisdicción para intervenir. El planteamiento jurisdiccional y la situación fáctica es idéntica a la del caso de marras.

**IV.**

En el presente recurso, la señora Rodríguez Ayuso reclama que erró la CASP al desestimar su recurso apelativo, por haberse presentado fuera del término jurisdiccional para ello. Tras un análisis objetivo, sereno y cuidadoso del expediente así como de los argumentos esbozados por las partes, resolvemos que la CASP no cometió el error imputado.

La recurrente alega que presentó su apelación ante la CASP dentro del término de treinta días que dispone el Plan de Reorganización Núm. 2-2010, *supra.* Según se desprende del expediente, el DSP notificó su respuesta el 26 de junio de 2023, luego de haber transcurrido los sesenta días con los cuales contaba para notificar su determinación, conforme al Reglamento Núm. 7313, *supra.* Adviértase que, **la recurrente había sido notificada previamente que, de la Autoridad Nominadora (en este caso, el DSP) no contestar dentro de un término de sesenta días, esta podría acudir a la CASP dentro de treinta días, contados a partir de la fecha en la cual debió recibir la contestación de la Autoridad Nominadora.**[14] En otras palabras, la recurrente fue

---

[14] *Véase* apéndice A de la entrada núm. 1 del SUMAC-TA.

advertida de que, ante el silencio del DSP, esta tendría que acudir al foro apelativo administrativo, en el término jurisdiccional dispuesto.

Ahora bien, según hemos esbozado anteriormente, una vez presentada la solicitud de revisión administrativa, la Autoridad Nominadora disponía de sesenta (60) días para emitir una determinación. Si en dicho término no se notificaba la decisión, la parte afectada tenía treinta (30) días para solicitar la apelación ante la CASP, desde que decursó el término de sesenta (60) días. Como bien determinó el foro administrativo, la CASP carecía de jurisdicción toda vez que la parte recurrente no presentó la apelación, ante dicho ente, en el término de treinta (30) días, una vez vencido el plazo de sesenta (60) días que tenía el organismo administrativo para notificar su decisión. Tal cual esbozado, el término dispuesto de treinta (30) días para presentar la apelación ante la CASP, es de carácter jurisdiccional.

Según el expediente ante nos, la recurrente presentó un recurso de revisión ante el DSP el 15 de marzo de 2023. Conforme a la normativa jurídica aplicable, el DSP tenía sesenta días para contestar, es decir, hasta el 15 de mayo de 2023. A partir de esa fecha, comenzó a transcurrir el término de treinta días para acudir ante la CASP. Por lo cual, la recurrente tenía hasta <u>el 14 de junio de 2023</u> para presentar su recurso. A pesar de lo anterior, la recurrente presentó su recurso el <u>23 de julio de 2023</u>, fuera del término jurisdiccional dispuesto.

Ante este escenario, resulta forzoso concluir que la CASP carecía de jurisdicción para atender el recurso de la recurrente. En virtud de lo anterior, colegimos que no se cometió el error señalado.

**V.**

Por los fundamentos pormenorizados, se confirma la determinación recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones